UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHAD TYSON WEST,<br>Defendant. | Case No. 3:24-cr-05179-TMC<br><br>ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

## I. INTRODUCTION

Before the Court is Defendant Chad Tyson West's motion for early termination of supervised release. Dkt. 6. The Court has considered Mr. West's motion and exhibits, the response from the United States, Dkt. 10, the memorandum from West's probation officer, Dkt. 9, and West's reply brief, Dkt. 11. While acknowledging West's commendable performance on supervised release, the United States and the probation office oppose the motion based on the nature of the underlying crime, Transportation of Child Pornography. *See* Dkt. 2. For the reasons explained below, the Court GRANTS the motion.

## II. DISCUSSION

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Section 3583(e) provides that, after considering a subset of the factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819. The statute does not "necessarily require a showing of exceptional behavior for early termination of supervised release," but "exceptionally good behavior by the defendant" is one factor that may warrant granting such a motion. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

The Section 3553(a) factors a court must consider when deciding whether to terminate a term of supervised release are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment; the applicable guidelines and policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

The Court has considered the relevant Section 3553(a) factors as applied to West. In this case, the most significant factors are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal conduct and protect the public, and the applicable policy statements from the Sentencing Commission. While the Court agrees with the government that child pornography offenses are extremely serious, it is significant that West has completed sex offender treatment and that his treatment provider supports his motion for termination of supervised release. Dkt. 6-5. West's discharge report from

treatment notes that he always took responsibility for his offense; put effort into treatment; learned to identify the thinking errors that led to his offense; demonstrated that he can avoid situations which would put him at risk for re-offense; displayed genuine remorse and empathy; and has a very strong support system to hold him accountable. Dkt. 7.[1] West has also shown that since his release from prison, he has focused his energy on helping his family members who form his strong support network with their medical needs, complying with the terms of his supervision, and paying his restitution obligation. While he had one violation due to viewing animated sexual content on YouTube, it was addressed through verbal admonishment and did not change his treatment provider's support for this motion. *See* Dkt. 9, Dkt. 6-5. He otherwise has complied with all terms of his supervision, and probation's risk assessment tool considers him a low risk to reoffend. Dkt. 9.

West's overall performance on supervised release demonstrates that his professed desire to be able to move more freely between Washington and Oregon to assist his family with significant medical needs is genuine. He has shown an ability to lawfully self-manage, engage in appropriate pro-social activities, and build a strong pro-social support network, all of which are factors the Sentencing Commission directs the Court to consider when deciding whether to terminate supervised release. This success shows that the interest in maintaining Court supervision to deter criminal conduct, protect the public, and provide treatment for West has been significantly reduced. On balance, the Court finds that the relevant Section 3553(a) factors weigh in favor of early termination, as warranted by West's conduct on supervision and in the interest of justice.

---

[1] While the complete report is sealed, the Court finds that the public's interest in understanding the Court's reasons for granting this motion outweighs West's interests in the privacy of his treatment records for the information contained in this Order.

## III. CONCLUSION

For the reasons explained above, the Court finds pursuant to 18 U.S.C. § 3583(e) that termination of supervised release for Mr. West is warranted by his conduct and in the interest of justice. The Court ORDERS that Mr. West's term of supervised release be terminated, effective immediately.

The Clerk is directed to send copies of this Order to all counsel of record and to the United States Probation Office.

Dated this 10th day of September, 2026.

Tiffany M. Cartwright
United States District Judge